IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ANGELA EDWARDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:18CV811 |
| PARRISH TIRE COMPANY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Angela Edwards, brings this action against her former employer, Parrish Tire Company ("Parrish Tire"), seeking damages for alleged employment discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA") as well as for violations of North Carolina common law. (ECF No. 1 ¶ 1.) Before the Court is Defendant's Motion for Partial Dismissal of the Plaintiff's Complaint, (ECF No. 8), as well as Plaintiff's Motion to Strike References to Unpublished Cases, (ECF No. 14). For the reasons below, Defendant's motion will be granted and Plaintiff's motion will be denied.

I. BACKGROUND

Plaintiff was employed by Defendant, Parrish Tire, from 2002 until her termination on July 21, 2017. (ECF No. 1 ¶¶ 4, 33.) Following her termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant had discriminated against her in violation of the ADA by terminating her because of her disability. (*Id.* ¶ 6.) According to Plaintiff, in response to Plaintiff's Charge of

Discrimination, Defendant gave the EEOC multiple false reasons for her termination. (*Id.* ¶ 39.) Plaintiff alleges Defendant's statements to the EEOC were "fraudulent and deliberately intended to mislead the agency into rejecting Plaintiff's claims under the ADA." (*Id.* ¶ 61.) Furthermore, Plaintiff contends, "upon information and belief, Defendant's statements prevented the EEOC from reaching a determination on Plaintiff's charge of discrimination." (*Id.*)

The EEOC issued Plaintiff a Notice of Right to Sue letter on June 29, 2018. (*Id.* ¶ 7.) Plaintiff then filed the instant lawsuit alleging the following claims: (1) employment discrimination in violation of the ADA; (2) state law wrongful termination; and (3) common law obstruction of justice. (*Id.* ¶¶ 40–62.) Defendant now moves to dismiss only Plaintiff's obstruction of justice claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.)

## II. STANDARD OF REVIEW

A motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway v. Pagan River Dockside Seafood*, 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint fails to allege sufficient facts to support a legal cause of action if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

2

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

On a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true, *Iqbal*, 556 U.S. at 678, and construe all factual allegations in the light most favorable to the plaintiff, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the Court need not accept as true "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

### III. DISCUSSION

Defendant advances three reasons to dismiss Plaintiff's obstruction of justice claim. First, Defendant argues that North Carolina does not recognize "a civil action for common law obstruction of justice based upon a party's purportedly false statements in the course of a proceeding." (ECF No. 9 at 7). Second, Defendant contends that "Plaintiff cannot demonstrate that her discrimination claim has been in any way obstructed." (*Id.* at 6.) Specifically, Defendant argues that Plaintiff's pursuit of justice could not have been obstructed because she was still able to file this suit alleging ADA violations. (*Id.* at 8–10.) Third, Parrish Tire asserts that "statements in quasi-judicial proceedings before the United States Equal Employment Opportunity Commission are subject to an absolute privilege that precludes [Plaintiff's] obstruction of justice claim." (ECF Nos. 8 at 1–2, 9 at 13–15.)

3

In response, Plaintiff argues that she "has sufficiently alleged acts which obstruct, impede or hinder public or legal justice," (ECF No. 12 at 12) (citation and internal quotation omitted), that her allegations "are sufficient to state a claim for relief regardless of her ability to file this lawsuit," (*id.*), and that "Defendant is not protected by judicial immunity because Defendant is not a judicial officer and was not preforming a judicial function" when the company allegedly lied to the EEOC. (*Id.* at 18.)

**A. The Law of Obstruction of Justice**

North Carolina recognizes a common law claim for obstruction of justice. *In re Kivett*, 309 S.E.2d 442, 462 (N.C. 1983). In order to state a claim for common law obstruction of justice, a plaintiff must allege "any action intentionally undertaken by the defendant for the purpose of obstructing, impeding, or hindering the plaintiff's ability to seek and obtain a legal remedy." *Blackburn v. Carbone*, 703 S.E.2d 788, 795 (N.C. Ct. App. 2010). The claim has three elements: "(1) performing any act (2) which prevents, obstructs, impedes or hinders (3) public or legal justice." *Jackson v. Blue Dolphin Commc'ns of N.C.*, 359 F. Supp. 2d 442, 458 (W.D.N.C. 2004). "The common law offense of obstructing justice may take a variety of forms." *In re Kivett*, 309 S.E.2d at 462 (attempting to prevent a grand jury from convening); *see, e.g.*, *Wilkes v. Argueta*, No. 1:16CV260, 2017 WL 1215749, at *10 (M.D.N.C. Mar. 31, 2017) (intimidating a witness); *Henry v. Deen*, 310 S.E.2d 326, 334 (N.C. 1984) (destroying evidence and creating false documents); *State v. Wright*, 696 S.E.2d 832, 836 (N.C. Ct. App. 2010) (failing to make required campaign disclosures); *Burgess v. Busby*, 544 S.E.2d 4, 13 (N.C. Ct. App. 2001) (retaliating against jurors in order to harass witnesses).

The cause of action is not, however, without its limits. First, North Carolina courts do not recognize an obstruction of justice action—indeed, any civil action—based on an allegation of perjury or the subornation of perjury. *Gilmore v. Gilmore*, 748 S.E.2d 42, 45 (N.C. Ct. App. 2013). This bar on perjury-based civil actions applies "regardless of how a plaintiff has denominated his claim." *Id.* at 47–48 (dismissing plaintiffs' obstruction of justice claim because the "crux" of their claim was "defendants' alleged commission of perjury"). However, as the North Carolina Supreme Court clarified in *Henry v. Deen*, the bar on perjury-based claims is *perjury* specific and does not apply in cases where there is no allegation that defendants made false sworn statements. *See Henry*, 310 S.E.2d at 335–36 (explaining the policy motivations behind North Carolina's prohibition on perjury-based claims and holding that where no false sworn statements were at issue, these policy concerns were not triggered and the bar on private claims for perjury was not implicated).

Further, North Carolina courts recognize an absolute privilege for relevant statements made in the course of judicial proceedings against all civil claims—including obstruction of justice—"based upon statements which [plaintiff] claims are false, fraudulent, or misleading." *See McManaway v. LDS Family Servs.*, No. COA09-889, 208 N.C. App. 569 (table), 2010 WL 5420148, at *12–13 (N.C. Ct. App. Dec. 21, 2010) (dismissing plaintiff's obstruction of justice claim based on defendants' allegedly false statements made during a judicial proceeding as such statements were absolutely privileged). This privilege applies where three conditions are met.

First, the statements at issue must be made in the course of a judicial proceeding. *Id.* at *11. "North Carolina courts have adopted a broad definition of 'judicial proceedings,' and have construed the term to cover quasi-judicial proceedings where public administrative

5

offices investigate facts, or ascertain the existence of facts, and draw conclusions from them, as a basis for their official action." *Lewis v. Durham Wellness & Fitness, Inc.*, No. 1:17CV217, 2017 WL 4124278, at *5 (M.D.N.C. Sept. 15, 2017) (citation and internal quotation omitted). "Such fact-finding is precisely what the EEOC does in the course of investigating a charge of discrimination," making an EEOC investigation a quasi-judicial proceeding to which the absolute privilege attaches. *Clausell v. Bayer Corp.*, No. 5:15-CV-50-BO, 2015 WL 5146704, at *8 (E.D.N.C. Sept. 1, 2015); *Kingsdown, Inc. v. Hinshaw*, No. 14 CVS 1701, 2015 WL 1441826, at *11 (N.C. Bus. Ct. Mar. 25, 2015) (explaining that EEOC investigations have "regularly been recognized" as quasi-judicial proceedings, making written statements by an employer to the EEOC absolutely privileged); *see also Allen v. St. Cabrini Nursing Home, Inc.* No. 00 Civ. 8558 CM, 2001 WL 286788, at *6 (S.D.N.Y. Mar. 9, 2001) (holding that an employer's statements to the EEOC were "protected by absolute privilege" under state law); *Shabazz v. PYA Monarch, LLC*, 271 F. Supp. 2d 797, 804–05 (E.D. Va. 2003); *Collins-Pearcy v. Mediterranean Shipping Co. (USA)*, 689 F. Supp. 2d 730, 765 (S.D. Tex. 2010); *Stith v. Chadbourne & Parke, LLP*, 160 F. Supp. 2d 1, 8 (D.D.C. 2001).

Second, the statements at issue must be "sufficiently relevant to the judicial proceeding." *McManaway*, 2010 WL 5420148, at *13 (citation and internal quotation omitted). A statement or pleading in a judicial proceeding is sufficiently relevant to be protected from collateral civil claims based upon false statements unless it is "so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety." *Jones v. Coward*, 666 S.E.2d 877, 879 (N.C. Ct. App. 2008) (citation and internal quotation omitted).

6

Third, the civil claim from which defendant seeks the shelter of the absolute privilege must be "based upon statements which [plaintiff] claims are false, fraudulent, or misleading." *See McManaway*, 2010 WL 5420148, at *12–13 (dismissing plaintiff's common law obstruction of justice claim because it fell "within the scope of absolute immunity for statements made in judicial proceedings"). This absolute privilege has its roots in a long-standing bar on civil claims for defamation based off statements made in judicial proceedings. *See Jones*, 666 S.E.2d at 879. However, the privilege now applies to all civil claims based on defendants' allegedly false statements made during the course of judicial proceedings. *See McManaway*, WL 5420148 at, *12–13 (dismissing plaintiff's obstruction of justice claim because it arose from defendants' allegedly false statements made during custody proceedings); *Jones*, 666 S.E.2d at 880 (dismissing plaintiff's claims for intentional infliction of emotional distress and negligence based off allegedly false statements made during judicial proceedings). Thus, "the labels that a party places upon his claim are not controlling; instead, the court must consider the substance of the claim," *McManaway*, 2010 WL 5420148, at *10, dismissing any claim based on an allegation that defendant made false, fraudulent, or misleading statements in the course of a judicial proceeding. *See id.* at *12–13.

### B. Plaintiff's Claim Fails

Here, Plaintiff's claim for obstruction of justice suffers from two fatal flaws. First, Defendant's statements to the EEOC are privileged. Second, even assuming the privilege did not apply here, Plaintiff fails to allege sufficient facts to support a cause of action.

7

### i. Defendant's statements to the EEOC were privileged

Plaintiff's obstruction claim must be dismissed because Defendant's statements to the EEOC meet the three requirements of absolute privilege. First, the statements were made during a quasi-judicial proceeding because they were made to the EEOC during an EEOC investigation. *See Clausell*, 2015 WL 5146704, at *8 (holding that an EEOC investigation is a quasi-judicial proceeding in which the absolute privilege applies). Second, Defendant's statements focused on Defendant's reasons for terminating Plaintiff, (*see* ECF No. 1 ¶ 39), and thus were relevant to the proceedings. *See Jones*, 666 S.E.2d at 879 (defining relevance). Third, Plaintiff's obstruction of justice claim is based on the allegation that Defendant made false statements to the EEOC. *See McManaway*, 2010 WL 5420148, at *12-13 (dismissing plaintiff's obstruction of justice claim based on absolute privilege where the alleged false statements of the defendants were made during a judicial proceeding).

Plaintiff provides no support for her position that an employer can be held civilly liable for making allegedly false statements to the EEOC. Rather, she argues that "Defendant is not protected by judicial immunity because Defendant is not a judicial officer and was not preforming a judicial function." (ECF No. 12 at 18.) Here, Plaintiff appears to conflate the absolute privilege that parties and their advocates receive for certain statements made in the course of judicial proceedings with "quasi-judicial immunity," a distinct doctrine derived from sovereign immunity that protects judicial officers from claims arising from "actions taken while exercising their judicial function." *See Vest v. Easley*, 549 S.E.2d 568, 572 (N.C. Ct. App. 2001). That Defendant is not protected by this immunity for judicial officers in no way impacts its entitlement to protection for its statements made during judicial proceedings.

Thus, this Court concludes that Defendant's statements to the EEOC are entitled to an absolute privilege under North Carolina law. Accordingly, Plaintiff has failed to state a legally cognizable claim for common law obstruction of justice and her claim must be dismissed.

### ii. Plaintiff has failed to allege sufficient factual matter to state a plausible claim for relief

Even assuming that absolute privilege did not apply in this case, Plaintiff's claim would still fail because her Complaint does not allege sufficient factual matter to allow for the reasonable inference that her pursuit of justice was obstructed, impeded, or hindered by Defendant's statements.

Plaintiff pled only one fact articulating how Defendant's misrepresentations actually obstructed justice: "upon information and belief, Defendant's statements prevented the EEOC from reaching a determination on Plaintiff's charge of discrimination." (ECF No. 1 ¶ 61.) This "bare assertion[] devoid of further factual enhancement" is not entitled to the presumption of truth normally granted pleadings on a Rule 12(b)(6) motion, *see Nemet Chevrolet*, 591 F.3d at 255, and is flatly contradicted by Plaintiff's Notice of Right to Sue letter, (ECF No. 8-2.) The EEOC *did* reach a determination on Plaintiff's charge, stating in Plaintiff's Notice of Right to Sue letter that it was "unable to conclude that the information [provided by Plaintiff] establishes violations of the statutes." (ECF No. 8-2.)[1] Plaintiff thus does not

---

[1] On a 12(b)(6) motion, a district court can consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) (citing *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is integral to a complaint if it is relied on in the complaint. *See Blakenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). A document is presumed to be authentic if its authenticity is not disputed. *Id.* Here, Plaintiff relied on her Notice of Right to Sue letter in paragraph seven of her Complaint, stating

9

allege any facts showing how Defendant's statements to the EEOC obstructed, impeded, or hindered justice. Plaintiff's Complaint, therefore, fails to contain sufficient factual matter to state a claim for relief that is plausible on its face and must be dismissed.

IV.    **Plaintiff's Motion to Strike**

Also, before the Court is Plaintiff's Motion to Strike References to Unpublished Cases. (ECF No. 14.) In her motion, Plaintiff contends Defendant violated Local Rule 7.2(c) by citing five unpublished decisions in its memorandums in support of its Motion for Dismissal of Plaintiff's obstruction of justice claim without furnishing copies of the unpublished decisions to Plaintiff or to the Court. (*Id.* at ¶¶ 1, 4–5.)[2] While LR 7.2.(c) does forbid citing unpublished decisions unless "the unpublished decision is furnished to the Court and to opposing parties or their counsel when the brief is filed," LR 7.2(b) states that "for purposes of these rules, published decisions include decisions published in widely used reports and electronic databases, specifically including Westlaw and LEXIS." *See* LR 7.2(b)–(c). Thus, a case is not unpublished if it is available on Westlaw or LEXIS. Here, the five cases Plaintiff objects to are all available on Westlaw and therefore are not "unpublished decisions" as

---

"Plaintiff received a Notice of Right to Sue on June 29, 2018." (ECF No. 1 ¶ 7.) Further, the authenticity of this letter is not in dispute. Thus, Defendant's Exhibit B (ECF No. 8-2) is properly before the Court.

[2] Though it is not entirely clear from her motion, Plaintiff appears to object to Defendant's citation of: (i) *Kingstown, Inc. v. Hinshaw*, No. 14 CVS 1701, 2015 WL 1441826 (N.C. Bus. Ct. Mar. 25, 2015); (ii) *Clausell v. Bayer Corp.*, No. 5:15-CV-50-BO, 2015 WL 5146704 (E.D.N.C. Sept. 1, 2015); (iii) *Hayes v. Self-Help Credit Union*, No. 1:13-CV-880, 2014 WL 4198412 (M.D.N.C. Aug. 22, 2014); (iv) *Lewis v. Durham Wellness & Fitness, Inc.*, No. 1:17CV217, 2017 WL 4124278 (M.D.N.C. Sept. 15, 2017); (v) *McManaway v. LDS Family Servs.*, No. COA09-889, 208 N.C. App. 569 (table), 2010 WL 5420148 (N.C. Ct. App. Dec. 21, 2010). (*See* ECF No. 14 at 3.)

10

defined in LR 7.2. Accordingly, Plaintiff's motion to strike is denied as Defendant has violated no rule.

Defendant has requested that the Court sanction Plaintiff for this motion on the basis that the motion is meritless and serves as a surreply filed without leave from the Court. (*See* ECF No. 15 at 2.) While, under Local Rule 83.4, the Court has the power to sanction an attorney or party for failure to comply with a local rule, *see* LR 83.4, the Court in its discretion declines to do so here.

For the reasons outlined herein, the Court enters the following:

### ORDER

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Dismissal, (ECF No. 8), is GRANTED, and Plaintiff's Obstruction of Justice Claim (Third Claim for Relief) is hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike References to Unpublished Cases, (ECF No. 14), is DENIED.

This, the 6th day of September 2019.

/s/ Loretta C. Biggs
United States District Judge